# United States District Court
# District of Connecticut

FILED
2003 OCT 23 P 4:57

James McKinnon, Case 3:02CV2305)(WWE)(HB)
100 770
Plaintiff

October 21, 2003

V.

Robert Trestman, Et al
Helen Dorsey

Defendant's Individual Capacity

First Amended Compliant Plaintiff Motion To amend Compliant To add an ADA claim Federal Rule 28 C.F.R. 35. 190,. also To Amendment The Short & Concise statement of material facts Federal Rule 15(a)(b)

1. Plaintiff James McKinnon Request That under this short concise statement be amended To The material facts That was respectfully Submitted with the forth going Amended Compliant information.

By x James Lee McKinnon
James Lee McKinnon Prose
900 Highland Avenue
Cheshire Conneticut
06410

2. In addition the Federal Regulations, In providing that States are not entitled to immunity from suit for (ADA) violations, Refers to Remedies both at Law and in equity. See 28 C.F.R. § 35.178. "Remedy at Law" Generally means damages.

3. This definition clearly includes correction departments and other agencies that operate prisons and jails. See Clarkson v. Coughlin, 145 F.R.D. 339, 348 (S.D.N.Y. 1993) permitting prisoners to Amend complaint to add an ADA claim). The Federal regulations issued under the ADA acknowledge this point by identifying the Department of Justice as the agency that is to implement compliance procedure concerning State and local correctional facilities. 28 C.F.R. § 35.190. There is no dispute that the Rehabilitation Act applies to prisons.

4. Disabled prisoners have greater rights under the Americans with Disabilit Act of 1990 (ADA) see. 42 U.S.C. § 12101 et seq.

5. which provides that as of January 1992 "no qualified individual with a disability shall by reason of such disability be excluded from participation in or be denied the benefits of the Services programs or activities of a public entity or be subjected to discrimination by any such entity. please see. 42 U.S.C. § 12132.

Byx James Lee McKinnon
James Lee McKinnon Pro se
900 Highland Avenue
Cheshire Connecticut
06410

6. These public entity provisions are often referred to as Title "Two" of the ADA; There are also employment discrimination provisions referred to as Title "One" See 42 U.S.C. § 1212.

7. To take advantage of The ADA you must be Qualified individual with a "disobility" Disability under The ADA means. See. 42 U.S. § 12102(2).

8. Plaintiff has a mental impairment also is on psychiatry medication's that's documented prescribed. Bupropion 100 mg - Clonidine 0.2 mg Topiramate 25 mg.

9. Under the rehabilitation Act people with infectionus diseases are considered handicapped. See. School Bd. of Nassau County v. Arline 480 U.S. 278, 282-86, 107 S. Ct. 1123 (1987). Plaintiff has Hepatides "C" Documented.

10. This category includes inmates infected with The HIV (The Aids Virus) See. Harriss v. Thigpen 941 F.2d at 1522-24 Casey v. Lewis 773 F. Supp. at 1370-72. Also plaintiff has H-I-V, documented.

10. Congress intended The ADA to cover such persons as well. See. S. Rep no. 116 101, ST Cong. 2d Sess pt. 3.28 (1990 cited in burgdorf Americans with Disabilites Act.

By James Lee McKinnon
James Lee McKinnon pro se
900 Highland Avenue
Cheshire Connecticut
06410

11. Doe v. City of Cleveland. 788 F.Supp.979. 985.(N.D.Ohio 1991.

12. Nolley v. County of Erie. 776 F.R.D.437. 439 (D.Conn. 1988

13. Doe v. Meachum -126 F.R.D.437.439 (Conn 1988).

14. Nolleyey v. County of Erie- 776 F.Supp at 733-34.

15. In addition the ADA provides for enforeement by the same means available under Section 505 of the Rehobilition Act. 42 U.S.C.§ 794 (a) (2) refers in turn to provisions of the Civil right Act of 1964 42 U.S.C. § 200d seq Case Law's has made it clear that exhaust is not required under the Rehabilitation Act. Smith v. Barton 914 F.2d 1330,1388 (9th Cir 1990). Pendelton V. Jefferson Local School Dist 754 F. Supp. 570. 574-75- C.S.D. Ohio (1990).

16. Also supporting facts are Exhibits

17. I'm asking for these cases be Amended to the First mothon for the short an concise-Staetment of material facts

By x James Lee McKinnon
James Lee McKinnon pro-se
900 Highland Avenue
Cheshire CT 06410

9. Exhibit "F" 1-17-02 a release of information to Daniel Petrosky for Court pre-sentence investagation ADULT Supervision.

10. Exhibit "G" 7-23-02 a release of information to Office of Protection and Advocacy for persons with Disabilities Nancy Alisberg with Susan Werboff.

11. Exhibit "H" release of information to Social Security Acting Deputy Commissioner James Kissko.

12. Exhibit "I" release of information to Stewart McKinney Shelter Hartford Connecticut.

13. Exhibit "J" Plaintiff identifying the medical inmate records employee name Yolanda Acost Zayas with the Date She gave plaintiff the names, Exhibit "J" 10-28-02

By x _James Lee McKinnon_
James Lee McKinnon pro se
900 Highland Avenue
Cheshire Connecticut
06410

14. "K" Exhibit is not on garners medical records employee permission to disclosed confidential medical information to the received one by fax inmates legal Assistance program.

15. "L" Exhibit is a Doe. V. meach violation 126 F.R.D. 437. 439 Connn (1988.

16. "M" Exhibit Joan Dobson is garner grievance coordinator;

By: *James McKinnon*
James McKinnon prose
900 Highland Avenue
Cheshire CT
06410

## Certificate

Plaintiff certifies this attachment the clam to be true and to the best of my ability.          October 21, 2003

United States District Court
915 Lafayette Boulevard
Bridgeport Connecticut
06604

### Defendant's Attorney

Perry Zinn Rowthorn Assistant Attorney General 110, Sherman Street McKenzie Hall
Hartford Connecticut 06114

Respendant Robert Trestman, etal Helen Dorsey in their individual capacities through above counsel

By× James Lee McKinnon
James Lee McKinnon pro se
900 Highland Avenue
Cheshire Connecticut
06410