UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES McKINNON | : | |
| | : | PRISONER |
| v. | : | Case No. 3:02CV2305(WWE)(HBF) |
| | : | |
| ROBERT TRESTMAN, et al.[1] | : | |

RULING AND ORDER

Pending are three motions filed by plaintiff and two motions filed by defendant Trestman.

I.   Motions for Extension of Time [docs. ## 39, 45]

Defendant has have filed two motions for extension of time, in part, because plaintiff is seeking to file a second amended complaint.  Defendant's motions [**docs. ## 39, 45**] are **GRANTED** over plaintiff's objection.

II.  Motion to Amend [doc. #40]

Plaintiff seeks leave to file a second amended complaint "to add an ADA claim" and "also to Amendment the Short & Concise statement of material facts."  The court has reviewed the

---

[1] Dr. Robert Trestman is the only remaining defendant in this action.

proposed second amended complaint attached to plaintiff's motion. Plaintiff has not alleged any facts to support a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. In addition, the statement of facts is not materially different from the facts included in the first amended complaint. Although leave to amend should be "freely given when justice requires," see Fed. R. Civ. P. 15(a), the court concludes that the proposed second amended complaint does not alter the claims remaining in this action. Accordingly, plaintiff's motion for leave to file a second amended complaint [**doc. #40**] is **DENIED**. This case will proceed on the claims against defendant Trestman included in the first amended complaint.

III. Motion for Default [doc. #42]

Plaintiff has included in his opposition to defendant's first motion for extension of time a request that the court enter default for failure to plead. Because the court has granted defendant Trestman an extension of time within which to respond to the amended complaint, plaintiff's request [**doc. #42**] is **DENIED** as moot.

IV. Motion to Compel [doc. #44]

Plaintiff asks the court to compel defendant Trestman to respond to his September 2003 requests for production of

2

documents.

Before filing a motion to compel, plaintiff must comply with local court rules. Rule 39(a)2, D. Conn. L. Civ. R., requires that the parties confer in good faith and discuss the discovery dispute in detail in an attempt to resolve the issue without the assistance of the court. If the discussion fails to resolve the dispute, in whole or in part, the party filing the motion to compel must provide an affidavit certifying the attempted resolution. In addition, Rule 39(a)3 requires that the memorandum in support of the motion to compel include "a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be appended to the memorandum as exhibits.

Here, plaintiff has not filed a memorandum in support of his motion, an affidavit documenting his attempts to resolve this dispute with defendant's counsel or copies of the discovery requests. Accordingly, plaintiff's motion to compel [**doc. #44**] is **DENIED** without prejudice. Plaintiff may refile his motion in proper form after attempting to resolve this matter with defendant's counsel.

V.   <u>Conclusion</u>

Defendant's motions for extension of time [**docs. ## 39, 45**] are **GRANTED**.  Plaintiff's motion for leave to file a second amended complaint [**doc. #40**] is **DENIE**D, his request for entry of default [**doc. #42**] is **DENIED** as moot, and his motion to compel [**doc. #44**] is **DENIED** without prejudice.

**SO ORDERED.**

Entered this 2nd day of December, 2003, at Bridgeport, Connecticut.

```
        /s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```