FILED
2003 DEC 16 P 5:09

United States District Court
District of Connecticut

James McKinnon
    100770
    Plaintiff

v.

Robert Trestman, ETaL
Helen Dorsey

Defendants' Individual Capacity

December 7, 2003

3:02CV2305(WWE)(HBF)

Plaintiff's Motion For Partial Summary Judgment

1. Pursuant to Rule 56, Fed. R. Civ. P., plaintiff pro se James McKinnon request this court to grant him summary judgment as to the liability of defendants' Robert Trestman and Helen Dorsey for damages for the denial to the plaintiff of the due process of law. The reason therefor are set forth in the plaintiffs' affidavit and brief in support of the motion.

By: James Lee McKinnon
James Lee McKinnon pro se
Walker Reception Unit
1151-East-Street-South
Suffield CT, 06078

2. Plaintiff's have filed 1983 civil right law suit against the defendant's, plaintiff conted that the facts are so over wheming in support of the allegations which he forwarded in the interest of justice and expedience and the fact that the plaintiff is more likely to triuph;

please See; memorandum of law.

3. Prisoners have a constitutional right to privacy in their medical diagnoses and other medical information, Please see, A.L.A. v. West Valley City, 26 F.3d 989, 990 (10th Cir. 1994) Nolley v. County of Erie, 776 F. Supp. 715, 729 (W.D.N.Y. 1991) Woods v. White, 689 F.Supp. 874, 875-76 (W.D.Wis. 1988) affd, 899 F.2d 17 (7th Cir. 1990) Doe v. Coughlin, 697 F.Supp. 1234, 1237-38 (N.D.N.Y. 1988) Doe v. Meachum, 126 F.R.D. 437, 439 (D.Conn. 1988).

4. However the casual unjustified dissemination of confidential medical information to non-medical staff and other prisoners" is unconstitutional, please see, Woods v. White, 689 F. Supp. at 877 Several courts have condemned the lack of confidentiality resulting from the use of inmates as medical records clerks. Williams v. Edwards, 547 F.2d 1206, 1217 (5th Cir. 1977) Cody v. Hillard, 599 F. Supp. 1025, 1036, 1056 (D.S.D. 1984)

5. Disclosure of medical information about a prisoner may also violate state law. The medical profession recognizes an ethical obligation to preserve patients 'confidentiality, and many states have statutes protecting the privacy of medical records. please see; Nolley v. County of Erie 776 F. Supp. at 733-34 citing N.Y. Pub. Health Law a§ 2780 et seq Mckinney 1991 Supp.)

By: /s/ James Lee McKinnon
James Lee McKinnon Prose
Walker Reception unit
1151-East-Street-South
Suffield, CT. 06078

6. A mentally competent adult has a right under both the common Law and the Fourteenth Amendment to refuse medical treatment; please see; Cruzan by Cruzan v. Director, Mo. Dept. of Health, 497 U.S. 261, 277-78, 110 S.Ct. 2841 (1990).

7. Many prison mental health care cases focus on the lack of adequate and qualified staff, please see; Greason v. Kemp, 891 F.2d at 837-40 (prison clinic director, prison system mental health director, and prison warden could be found deliberately indifferent based on their knowing toleration of a "clearly inadequate" mental health staff.

8. The failure to train correctional staff to deal with mentally ill prisoner can also constitute deliberate indifference. please see; Langley v. Coughlin, 709 F.Supp. at 483-85, Kendrick v. Bland, 541 F.Supp. 21, 25-26 (W.D.Ky. 1981).

9. Prisoners have a right to privacy in medical information generally and especially in their diagnoses of H-I-V or AIDS infection, please see; Doe v. City of Cleveland 788 F.Supp. 979, 985 (N.D.Ohio 1991) Nolley v. County of Erie, 776 F.Supp. 715, 729 (W.D.N.Y. 1991) Doe v. Meachum 126 F.R.D. 437, 439 (D. Conn. 1988)

By: /s/ James Lee McKinnon
James Lee McKinnon Prose
Walker Reception Unit
1151-East-Street-South
Suffield, CT, 06078

10. Some States have statutes protecting the confidentiality of H-I-V, related information, and these may support claims for damages, please see, Nolley V. County of Erie 776 F. Supp. at 733-34.

11. Disabled prisoners have greater rights under the Americans with disabilities Act of 1990 (ADA). please see, 42 U.S.C. § 12101.

12. This definition is comparable to the definition of "handicap" under the Rehabilitation Act. please see; 29 U.S.C. § 706(7)(B).

("A") So Rehabilitation Act case law on this point will be very relevant in ADA case. Under the Rehabilitation Act, people with infectious diseases are considered handicapped. please see, School Bd. of Nassau County V. Arline, 480 U.S. 273, 282-86, 107 S. CT. 1123 (1987).

("B") This category includes inmates infected with H-I-V (the AIDS virus). please see; Harris V. Thigpen 941 F.2d at 1522-24 Casey V. Lewis 773 F. Supp. at 1370-72.

("C") Congress intended the ADA to cover such persons as well, please see; S. Rep. no. 116, 101st Cong 2d Sess, pt 3, 28 (1990) cited in Burgdorf, The Americans with Disabilities Act: Analysis and Implications of a Second Generation Civil Rights Statute 26 Harvard Civil Rights Civil Liberties Law Review 413-447 n. 175 (1991).

By: *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception Unit
1151-East-Street-South
Suffied CT, 06078

13. In This case The plaintiff have prented absolute concerete proof of constitutional as well as state violations.

14. The fact That On June 28, 2002, Stacey Anderson, an employee in The Department of Psychiatry at The University of Connecticut Health Center, sent To Attorney Jane Starkowski at Inmate's Legal Assistance program by facsimile a copy of a letter defendant Dorsey had written to plaintiff James McKinnon. The cover sheet indicated That The facsimile was sent at defendant Robert Trestman request. The letter, dated June 21, 2002 was in response To various letters plaintiff sent To defendant Dorsey. The letter indicated That plaintiff has "a documented psychiatric diagnosis" and That he consistently refused The medication Risperdal that had been prescribed for Treatment of plaintiff's anger and paranoia. The letter also indicated That Temperature in plaintiff prison unit was within requirements established in Doe v. Meachum for confinement of H-I-V + Inmates. Defendant Helen Dorsey suggested That plaintiff address his complaints of being cold with Dr. O'Halloran.

By: *James Lee McKinnon*
James Lee McKinnon, pro se
Walker Reception Unit
1151- East-Street-South
Suffied CT, 06078

For all the reason set forth herewith and the attached documents the plaintiff respectfully request that this motion to be granted and that Summary be granted in favor of the plaintiff and relief given as required in damages in the amount of $75,000.00.

PLaintiff:

By: James Lee McKinnon
James Lee McKinnon prose
Walker Reception Unit
1151-East-Street-South
Suffied CT, 06078

Certification

I hereby certify that the foregoing was mailed to the defendants attorney of record this 7 day of December 2003

Individual Capacity
Defendants:
Robert Trestman, Et al
Helen Dorsey

Attorney:
Lynn B. Wittenbrink
Assistant Attorney General
Office of the Attorney General
55 Elm Street / P.O. Box 120
Special Litigation 4th Floor
Hartford CT, 06105

By the plaintiff
James Lee McKinnon
Prose