UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES McKINNON          :
                        :         PRISONER
        v.              :  Case No. 3:02CV2305(WWE)(HBF)
                        :
ROBERT TRESMAN, et al.  :

MEMORANDUM OF DECISION

Plaintiff commenced this civil rights action against various defendants for violation of his right to privacy of medical information. The only remaining defendant is Dr. Robert Trestman, incorrectly named in the case caption as Robert Tresman. Pending are plaintiff's motion for preliminary injunctive relief and defendant Trestman's motion for extension of time. For the reasons that follow, plaintiff's motion will be denied and defendant Trestman's motion will be granted.

Plaintiff seeks preliminary injunctive relief in the form of an order preventing his transfer to Garner Correctional Institution in Newtown, Connecticut.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000). Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). To

prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. <u>See id.</u>; see also <u>Omega World Travel, Inc. v. Trans World Airlines</u>, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

The issue in this case concerns the disclosure of plaintiff's medical information in 2002. His request for preliminary injunctive relief concerns a possible transfer among correctional facilities. Thus, the request for preliminary injunctive relief is beyond the scope of this action. Plaintiff's motion for preliminary injunctive relief [**doc. #56**] is **DENIED**.

Defendant Trestman seeks an extension of time to respond to plaintiff's motions for summary judgment and to compel. He states that settlement discussions have been initiated. Because settlement of this case would obviate consideration of plaintiff's pending motions, defendant Trestman's motion for extension of time [**doc. #51**] is **GRANTED**.

   **SO ORDERED** this _____ day of January, 2004, at Bridgeport, Connecticut.

                                        /S/
                              _____
                              Warren W. Eginton
                              Senior United States District Judge

3