United States District Court

FILED
2004 JAN 27 P 4: 16
US DISTRICT COURT
BRIDGEPORT CT

District of Connecticut

James McKinnon    Case 3:02CV2305(WWE)(HBF)
100 770
Plaintiff

v.                          Januay 14, 2004

Robert Trestman, Etal
Helen Dorsey
Staley Anderson
Defendants' Individual Capacity

Plaintiff Motion for Leave To File An Amended Complaint
Pursuant To Rules 15,a, and 19,a, Fed. R. Civ. P. Requests leave To File An Amended Complaint adding party.

1. Plaintiff James McKinnon Respectfully move the Court To consider plaintiff request in the above caption Case; plaintiff Contend the Facts -

By: /s/ James McKinnon
James McKinnon pro se
Walker Reception unit
1153- East Street South
Suffield Connecticut
06078

are so over wheming in support of the allegations which he forwarded in the interest of justice that's required.

## Supported by a Memorandum of Law

1. Prisoners have a constitutional right to privacy in their medical diagnoses and other medical information; please see, Nolley v. County of Erie, 776 F. Supp. 715, 729 (W.D.N.Y. 1991)

2. The casual unjustified dissemination of confidential medical information to non-medical staff and other prisoners "is unconstitutional, please see; Woods v. White, 689 F. Supp. at 877. Several courts have condemned the lack of confidentiality resulting from the use of inmates as medical records clerks.

3. Disclosure of medical information about a prisoner may also violate state law. The medical profession recognizes an ethical obligation to preserve patients confidentiality, and many states have statutes protecting the privacy of medical records; please see, Nolley v. County of Erie, 776 F. Supp. at 733-34, citing N.Y. Pub. Health Law at § 278 et seq (McKinney 1991 Supp.).

By /s/ James Lee McKinnon, prose
James Lee McKinnon, prose
Walker Reception Unit
1153-East Street South
Suffield Connecticut
06078

4. Making doctor-patient communications privileged disclosure of medical information may also constitute the "public disclosure of private facts," which is one variety of the tort of invasion of privacy in some states. please see; Hillman v. Columbia County, 164 Wis.2d 376, 474 N.W.2d 913, 919-20 (Wis.App.1991)

5. Prisoners have a right to privacy in medical information generally; and especially in their diagnoses of AIDS or HIV infection; please see, Doe v. City of Cleveland 788 F.Supp. 979, 985 (N.D. Ohio 1991) Nolley v. County of Erie, 776 F.Supp 715, 729 (W.D.N.Y. 1991) Doe v. Meachum, 126 F.R.D. 437, 439 (D.Conn.1988) Doe v. Coughlin 697 F.Supp.1234, 1236-38 (N.D.N.Y. 1988) Woods v. White, 689 F.Supp. 874, 875-77 (W.D.Wis.1988)

6. Some states have statutes protecting the confidentiality of HIV related information and these may support claims for damages. please see: Nolley v. County of Erie, 776 F.Supp. at 733-34.

By x *James Lee McKinnon*

James Lee McKinnon P1058
Walker Reception Unit
1153 East Street South
Suffield Connecticut
06078

## Certification

I hereby certify that the foregoing was mailed to the defendants attorney of record this 14 Day of January, 2004

Individual Capacity
Defendants

Robert Trestman, Etal
Helen Dorsey
Stacey Anderson

Attorney

Lynn D. Wittenbrink
Assistant Attorney General
Office of the Attorney General
55 Elm Street, P.O. Box 120
Special Litigation, 4th Floor
Hartford Connecticut
06105

By: *James Lee McKinnen*
James Lee McKinnen pro se
Walker Reception Special
1153-East Street South
Suffield Connecticut
06078