UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JAMES McKINNON                        :
                                      :         PRISONER
    v.                                :    Case No. 3:02cv2305 (WWE)
                                      :
ROBERT TRESTMAN, et al.               :
```

MEMORANDUM OF DECISION

Plaintiff, James McKinnon ("McKinnon"), asks the court to reopen the judgment in this case. For the reasons set forth below, the motion will be denied.

McKinnon filed this action against defendants Robert Trestman and Helen Dorsey, medical personnel at Garner Correctional Institution in Newtown, Connecticut. He alleged that, without his permission, defendant Trestman directed defendant Dorsey to fax information from his medical file to an attorney at Inmates' Legal Assistance Program. On February 12, 2004, the parties filed a stipulation of dismissal following settlement of the case.

Rule 60(b), Fed. R. Civ. P., identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of

> an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

McKinnon fails to identify the subsection upon which he relies.

In his motion, McKinnon states that a correctional employee at Corrigan Correctional Institution attempted to disclose information McKinnon had included in a medical grievance form. He also references a motion he filed in this case to prevent his return to Garner Correctional Institution. McKinnon represents his address on the motion as Garner Correctional Institution.

The only defendants in this case are medical personnel. McKinnon has settled his claims against them and has alleged no facts suggesting that either defendant violated the settlement agreement. Further, as medical personnel, neither defendant would have authority to order McKinnon's transfer among correctional facilities. The court can discern no reason to reopen this case. Accordingly, McKinnon's motion to reopen judgment [**doc. #77**] is **DENIED**.

**SO ORDERED** this 21st day of October, 2004, at Bridgeport, Connecticut.

```
       _____/s/_____
                Warren W. Eginton
                Senior United States District Judge
```