UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JAMES McKINNON                     :
                                   :           PRISONER
    v.                             :    Case No. 3:02cv2305 (WWE)
                                   :
ROBERT TRESTMAN, et al.            :
```

MEMORANDUM OF DECISION

Plaintiff, James McKinnon ("McKinnon"), asks the court to reconsider the denial of his motion to reopen this case. For the reasons that follow, the motion will be denied.

Rule 7(c)1, D. Conn. L. Civ. R., provides that a motion for reconsideration must be filed within ten days of the date of the decision from which relief is sought. The court denied plaintiff's motion to reopen by ruling filed on October 25, 2004. A motion filed by a prisoner is considered filed on the day the prisoner gives the motion to prison officials for mailing to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Plaintiff does not indicate the date of mailing in his motion. The motion could not have been mailed any earlier than November 15, 2004, the date that appears

on the motion.  Thus, the motion was filed at least twenty-one days after the date of the decision.  Accordingly, plaintiff's motion is denied as untimely filed.

Further, even if the court were to consider the motion on the merits, it would be denied.  The standard for granting a motion for reconsideration is strict.  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Id.  The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ."  LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

In his motion for reconsideration, plaintiff states that defendants' opposition to his motion to reopen was delivered to him by a correctional officer because it was mailed to an incorrect address.  This action is unrelated to the decision denying the motion to reopen.  Thus, plaintiff has not identified any relevant factual or legal errors to support reconsideration of the court's ruling.

Plaintiff's motion [**doc. #80**] for reconsideration is **DENIED** as untimely filed.

**SO ORDERED** this 20th day of December, 2004, at Bridgeport, Connecticut.

                                        _____/s/_____
                                        Warren W. Eginton
                                        Senior United States District Judge