# United States District Court
## District of Connecticut

**FILED**
2005 JAN 10 P 4: 41
U.S. DISTRICT COURT
BRIDGEPORT, CONN

James McKinnon　　　　:　Prisoner

vs.　　　　　　　　　　:　Civil no. 3:02cv2305

Robert Trestman　　　　:　(WWE)(HBF)
Lynn Wittenbrink　　　　:
　　　　　　　　　　　　　January 3, 2005
Defendants Individual Capacity)

Plaintiff motion To Respectfully To ask Court To reopen This judgment under Rule 71, Process in Behalf of Plaintiff and Against Persons not Parties Rule 71. F.R. Civ.P.

Also prose Plaintiff seeks permission To amend This Complaint To add a new defendant Lynn Wittenbrink pursuant To Rule 15, F.R.Civ.P.

Rule 71, F.R.Civ.P. when an order is made in favor of a person who is not a party To The action, That person may enforce obedience To The order by The same process as if a party; and, when obedience To an order may be lawfully enforced against a person who is not a party, That person is liable To The order same process for enforcing obedience To The order as if a party.

1. Plaintiff James McKinnon prose respectfully move The Court To grant The above captain case, Plaintiff contend That The facts are so over wheming in Support of allegations which he forwarded in The interest of Justice. Plaintiff

By: James Lee McK——
James Lee McKinnon

1 of 26

2. On October 26, 2004 Defendant Lynn Wittenbrink sent by facsimile the Objection dated October 26, 04 to plaintiff motion to reopen judgment, This fax or facsimile of my confidential information was sent to Warden Michael Lajoie and this major at Corrigan Rodgowski Correctional Center 986, Norwich New London Turpike Uncasville Connecticut, 06382.

3. Plaintiff James McKinnon has for court fax cover exhibit's with defendant name, Also this cover sheet indicated that it's from Lynn Wittenbrink an employee at the office of the attorney general at the state of Connecticut as a assistant Attorney general 110, Sherman Street Hartford Connecticut. 06105, Also the cover sheet indicated the Fax was sent by Lynn Wittenbrink, Fax Also has Wittenbrink Phone: (860) 808-5450, with Fax (860) 808-5591; Via Fax Transmission + First Class mail Fax no. 860-848-5821).

4. This function of a motion for reconsideration to present the court with an opportunity or alter the error's of Law or Fact or to consider newly discovered violation's.

5. Plaintiff has ask the court to reopen judgment respectfully to contend defendant has violated his right to privacy of medical information that was not authorization by way of fax to non medical staff and that's unconstitutional disclosure of private facts which is one variety of the tort of invasion of privacy in some states.

Plaintiff
By× James Lee McK——
James Lee McKinnon prose

2 of 26

# Supported by memorandum of Law

9. Disclosure of medical information about a prisoner also violate state Law, The medical profession recognizes an ethical obligation to preserve patients confidentiality, and many states have statutes protecting the privacy of medical records. please see,

Nolley v. County of Erie 776 F. Supp. at 733-34 citing N.Y. Pub. Health Law at § 278 ET Seq McKinney 1991 Supp).

10. Prisoners have a right to privacy in medical information generally, and especially in their diagnoses of Doe v. Meachum, please see,

Doe v. City of Cleveland 788 F.Supp 979,985 (N.D Ohio 1991) Nolley v. County of Erie 776 F.Supp 715,729, (W.D.N.Y. 1991) Doe v. Meachum 126 F.R.D. 437,439 (D. Conn 1988) Woods v. White 689 F. Supp. 874,875-77 (W.D.Wis 1988)

11. Some states have statutes protecting the confidentiality of Doe v. Meachum information and these may support claims for damages, please see,

Nolley v. County of Erie 776 F. Supp at 733-34.

12. For all the reason set forth herein with and the attached documents Exhibits the plaintiff respectfully request that this motion to be granted and tha summary be granted in faver of the plaintiff and relief given as required.

Plaintiff
By James Lee McK____
James Lee McKinnon

Plaintiff
By James Lee McK____
James Lee McKinnon prose

3 of 26

## Supported by Memorandum of Law

6. Privileged mail is entitled to greater confidentiality and freedom from censorship, Privileged mail may not be read in the ordinary course of prison routine, Please see,

Reneer v. Sewell, 975 F. 2d 258, 260 (6Th Cir. 1992) Lemon v. Dugger, 931 F. 2d 1465, 1467-68 (11Th Cir. 1991) Proud foot v. Williams, 803 F. Supp. 1048, 1052 (E. D. Pa. 1992) and cases cited Chinchello v. Fenton, 763 F. Supp 793, 795 (M.D.Pa 1991).

7. It may be opened and inspected for contraband, but only in the prisoner's presence. please see,

In Wolff v. McDonnell, 418 U.S. 539, 577, 94 S. CT 2963 (1974) The Supreme Court approved inspection in the prisoner's presence without stating that it was required.

8. Prisoners have a constitutional right to privacy in their medical iformation to non-medical staff and other prisoners is unconstitutional. please see,

Woods v. white 689 F. Supp. at 877. Several courts have condemned the lack of confidentiality resulting from the use of inmates as medical records clerks.

Plaintiff
By: *James Lee McK—*
James Lee McKinnon

## Certification

I hereby certify that this attachment claim to be true and to the best of my ability on this <u>3rd</u> Day of January 2005

Defendant's   Individual   Capacity

Defendant's
Robert Trestman, ETAL
Lynn Wittenbrink

Assistant Attorney General
Lynn Wittenbrink
110, Sherman Street
Hartford Connecticut
06105

Respecfully Submitted
Plaintiff
Byx/James Lee McK
James Lee McKinnon
Corrigan Rodgowski
Correctional Center
986, Norwich New London
Uncasville Connecticut
06382

# EXHIBIT A

United States District
Court
District of Connecticut

Amended
Civil Rights Complaint