UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES McKINNON | : | |
| | : | PRISONER |
| v. | : | Case No. 3:02cv2305 (WWE) |
| | : | |
| ROBERT TRESTMAN, et al. | : | |

MEMORANDUM OF DECISION

Plaintiff, James McKinnon ("McKinnon"), has filed a second motion to reopen the judgment in this case. For the reasons that follow, the motion will be denied.

McKinnon filed this action against defendants Robert Trestman and Helen Dorsey, medical personnel at Garner Correctional Institution in Newtown, Connecticut. He alleged that, without his permission, defendant Trestman directed defendant Dorsey to fax information from his medical file to an attorney at Inmates' Legal Assistance Program. On February 12, 2004, the parties filed a stipulation of dismissal following settlement of the case.

Rule 60(b), Fed. R. Civ. P., identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged,

> or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

McKinnon fails to identify the subsection upon which he relies.

In his motion, McKinnon states that defendants' attorney sent him a copy, by mail and facsimile, of her objection to his first motion to reopen. McKinnon asks the court to reopen this case to permit him to file an amended complaint including a claim against defendants' counsel.

The only defendants in this case are medical personnel. McKinnon has settled his claims against them and has alleged no facts suggesting that either defendant violated the settlement agreement. The claim in this case concerned the unauthorized release of medical information. There is no medical information contained in the document that was faxed to the correctional facility and hand-delivered to McKinnon. Thus, if McKinnon has a claim against defendants' counsel, the claim is not related to the claims contained in this case. The court can discern no reason to reopen this case. Accordingly, McKinnon's motion to reopen judgment [**doc. #82**] is **DENIED**.

**SO ORDERED** this 16th day of February, 2005, at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge